[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court on a motion to strike the seventh count of the plaintiff's revised complaint dated September 14, 1998. The movant is Asset Control Services, Inc.
The seventh count alleges a violation of the Connecticut Unfair Trade Practices Act. (Conn. Gen. Stat. § 42-110b.) CUTPA provides that "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 42-110b(d) further provides that, it is the intention of the legislature the chapter be remedial and so construed. See Delaney v. Warren, Superior Court, judicial district of Waterbury, Docket No. 0126588 (June 4, 1996, Pellegrino, J.).
In the instant case, the plaintiff alleges that the property which the defendant allegedly sold to the plaintiff was not owned by the defendant and, further, the defendant made representation of ownership. These actions, the plaintiff asserts, support a CUTPA claim.
The plaintiff has not properly alleged that the defendant's acts were deceptive or in violation of public policy.
Our Supreme Court has stated that:
"The determination of whether an act or practice is unfair in violation of CUTPA revolves around the application of the cigarette rule. This rule involves three inquiries: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least CT Page 14765 the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]." In the operative complaint, the plaintiffs have not alleged any of the conduct found in the "cigarette rule." The plaintiffs merely make conclusory statements."
The plaintiff has not sufficiently plead facts to support a CUTPA claim.
The defendant's motion is granted.
Mihalakos, J.